UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDON SMILEY,

    Plaintiff,

v.                                     Case No. 22-C-1158

SGT. POCK, et al.,

    Defendants.

## ORDER

Plaintiff Brandon Smiley, who is currently incarcerated at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. On December 9, 2022, the court screened the original complaint and allowed Plaintiff to proceed on an Eighth Amendment excessive force claim against Sgt. Pock, Sgt. Renolds, Sgt. Schultz, CO Langridge, Lt. Hintz, and Lt. Swabb in connection with a June 21, 2022 incident at the institution. Dkt. No. 8. On December 29, 2022, the court received an unsigned letter from Plaintiff explaining that he would like to amend the original complaint to add defendants, change the award demand, and clarify certain facts. Dkt. No. 9.

Plaintiff fails to comply with the Federal Rules of Civil Procedure and local rules governing amendment of pleadings. Civil L.R. 15(a) states:

> Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

Federal Rule of Civil Procedure 8(a)(2) also requires a short and plain statement of the claim showing that the pleader is entitled to relief. In this case, Plaintiff did not comply with the local

rules because he did not submit a proposed amended complaint to the court that contains all of his allegations. The court will not allow Plaintiff to supplement his complaint with piecemeal allegations because the federal rules do not require the defendants to "forever sift through" multiple documents to determine which allegations are made against each defendant. *Jennings v. Emr*, 910 F.2d 1434, 1436 (7th Cir. 1990). The complaint and the supplemental information also make it difficult "for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994).

For these reasons, Plaintiff's request to supplement his complaint is denied for failure to comply with Civil L.R. 15. If Plaintiff chooses to file one, single amended complaint in compliance with the local and federal rules that properly names the defendants and includes all of his allegations against all defendants, he should promptly submit it for the court's consideration. An amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998).

**SO ORDERED** at Green Bay, Wisconsin this 5th day of January, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge